| AOC-105 | Doc. Code: CI | | Case No. | **09-CI-01145** | |
| --- | --- | --- | --- | --- | --- |
| Rev. 1-07 | 02/10/2009 01:43 pm | | Court | ☑ Circuit | ☐ District |
| Page 1 of 1 | Ver. 1.02 | | County | Jefferson | |
| Commonwealth of Kentucky | | **CIVIL SUMMONS** | | | |
| Court of Justice  www.courts.ky.gov | | | | | |
| CR 4.02; CR Official Form 1 | | | | | |

**PLAINTIFF**

Jacqueline       Bachelor
4320 West Broadway

Louisville       Kentucky        40211

*JEFFERSON CIRCUIT COURT DIVISION TWO (2)*

VS.

**DEFENDANT**

Matthew       J.       Carroll
2308 Alta

New Albany       Indiana        47150

**Service of Process Agent for Defendant:**
Same

---

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 10 2009, 2____

David L. Nicholson _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

NO. **09 CI 01145**   JEFFERSON CIRCUIT COURT

DIVISION _____

JUDGE _____

*JEFFERSON CIRCUIT COURT DIVISION TWO (2)*

JACQUELINE BACHELOR
4320 West Broadway
Louisville, Kentucky 40211                     PLAINTIFF

VS.                **COMPLAINT**

MATTHEW J. CARROLL
2308 Alta
New Albany, IN 47150                           DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, Jacqueline Bachelor, by counsel, and for her Complaint against the above-named Defendant, states as follows:

1. Plaintiff, Jacqueline Bachelor, is and was at all times herein referred to, a resident of Jefferson County, Louisville, Kentucky.

2. On or about November 29, 2007, in Jefferson County, Kentucky the Defendant, Matthew Carroll, operated his motor vehicle in such a careless and negligent manner as to cause the vehicle to strike the vehicle being driven by Jacqueline Bachelor.

3. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured in, on and about her body, both temporarily and permanently; incurred medical expenses and will so in the future; lost time from work and impaired her power to labor and earn money, both past and future; was caused to suffer great pain, both mental and physical, past and

future to her detriment; all to her damage in an amount which exceeds the jurisdictional minimum of this court.

4. Pursuant to KRS 304.39-062(b), threshold requirements have been met by the Plaintiff in that Plaintiff has incurred over $1,000.00 in medical expenses and sustained serious injuries.

Wherefore, Plaintiff demands as follows:

1. Judgment against the Defendant in an amount which will fairly and reasonably compensate the Plaintiff for her damages alleged herein;

2. Trial by jury;

3. Plaintiff's costs herein expended; and

4. Any and all other relief which the Plaintiff may appear to be entitled, including the right to amend this Complaint, if necessary.

Respectfully submitted,

*/s/ J. Douglas Mory*
J. DOUGLAS MORY
AARON WHALEY
WHALEY & MORY, PLLC
The Wolf Building
150 South Third Street
Louisville, Kentucky 40202
502-583-4022
COUNSEL FOR
PLAINTIFF

NO. **09 CI 01145**                                  JEFFERSON CIRCUIT COURT

DIVISION

*[stamp: JEFFERSON CIRCUIT COURT DIVISION TWO (2)]*

JACQUELINE BACHELOR                                                    PLAINTIFF

VS.   **INTERROGATORIES AND DOCUMENT REQUEST PROPOUNDED**
      **TO MATTHEW CARROLL**

MATTHEW CARROLL                                                        DEFENDANT

* * * * * * * * *

The Plaintiff hereby request the Defendant, within forty-five (45) days after service hereof, to answer the following Interrogatories in accordance with CR 33 and to respond to the following Request for Production of Documents in accordance with CR 34. These Interrogatories and Requests shall be deemed continuing and knowledge of the attorney for the Defendant or any other agent of Defendant shall be deemed to be knowledge of the Defendant. Anything coming to the Defendant's or the Defendant's attorney's knowledge after filing answers and responses to these discovery request which would change the original response shall be contained in an amended response and served upon the Plaintiff's counsel as required by the Kentucky Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS APPLICABLE TO BOTH THE INTERROGATORIES AND THE REQUEST FOR PRODUCTION OF DOCUMENTS

As used herein, the following terms shall have the following meaning and the following instructions shall apply:

A. The term "Document" means anything on or in which any information is affixed and can be received, reproduced or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (for example, print, video, audio, or other medium of expression), including, but not limited to: contracts, agreements, papers, photographs, tape recordings, transcripts, checks, checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, other types of ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, letters or other forms of correspondence, communications, telex, twx, and other teletype communications, computer printouts, any other printout sheets, movie film, slides, microfilm, memoranda, reports, studies, summaries, minutes, minute books, circulars, notes (whether typewritten, handwritten, dictated, or otherwise), agenda, bulletins, notices, announcements, proofs, sheets, instructions, charts, tables, manuals, books, note books, binders, journals, notes, training tapes or any other training material, brochures, magazines, pamphlets, lists, visitor's logs, schedules, price lists, telegrams, engineering and/or architectural drawings, sketches, plans, blueprints, specifications, diagrams, appointment books, budgets, analyses, projections, minutes of meetings, conferences or discussions of any kind, tax returns, all electronic mail, any writings or correspondence which utilized the internet, intranet, the information superhighway, or any computer network, all instant messages, all electronic attachments to any computer files, electronic mailing lists, and any other data compilations from which information can be obtained or translated.

The term "Document" includes any copy or copies of any of the foregoing on which any mark, alteration, or additional writing or other change from the original, or from any other copy

has been made; and it includes any and all documents in the possession of Defendant, or Defendant's officers, agents, servants, employees, representatives, attorneys or any other person acting on its behalf.

B. If a claim of privilege is interposed with respect to any Interrogatory or Request for Production of Documents, please set forth the basis of the privilege and, if applicable, identify the Document to which a claim of privilege is being made. Additionally, the Plaintiff request that all objections be signed by the attorney making them pursuant to CR 33.

C. The term "Identify" as it applies to any person means to state the persons name, address, and date of birth.

D. In producing Documents, please separate and clearly label each group of Documents which have been requested by Plaintiff's separately numbered Request for Production of Documents so that the Plaintiff can clearly and easily determine which Documents are being produced in regards to each Request for Production.

E. The term "Accident" shall refer to the factual situation set forth in the Complaint.

## INTERROGATORIES PROPOUNDED TO THE DEFENDANT

Pursuant to CR 33.01(3), please answer the following three interrogatories which are not to be included when calculating the total number of interrogatories propounded by the Plaintiff:

**(A) The name and address of the person answering.**

**Response:**

**(B) The names and addresses of the witnesses.**

**Response:**

**(C) Whether the person answering is willing to supplement the answers if information subsequently becomes available.**

**Response:**

Pursuant to CR 33, please provide detailed answers to the following interrogatories within forty-five (45) days of service thereof:

**INTERROGATORY NO. 1:** Please state whether you were the operator, passenger, or owner of a motor vehicle which at or about the time and place alleged in the Complaint was involved in the accident and describe in detail the vehicle which you were operating, riding as a passenger, or owned? To clarify, "describe" the vehicle may include stating the color, make, model, year, and license plate number of the vehicle.

**ANSWER:**

**INTERROGATORY NO. 2:** Please state the number of persons who were riding in the vehicle at the time of the accident and identify each person.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify the location where the accident occurred and describe the scene of the accident. To clarify, "describing" the scene of the accident may include the following: stating the name of the street or streets involved; stating the number of lanes and direction of travel of each lane; identifying all traffic signs, markings on pavement or control

signals which you noticed both prior to and subsequent to the accident; and stating the weather conditions at the time of the accident.

**ANSWER:**


**INTERROGATORY NO. 4:** Please describe in full detail how the accident occurred, giving all the events in detail, in the order in which they occurred, before, at the time of, and after the accident, which had any bearing on the cause and manner of the happening of the accident. To clarify, this interrogatory is seeking your complete and total version of any and all events which in any way had any bearing whatsoever on the accident.

**ANSWER:**


**INTERROGATORY NO. 5:** Please indicate the speed and the position of the motor vehicle which you were operating, riding as a passenger, or owned:

(a) 100 feet from the point of the accident;

(b) 50 feet from the point of the accident;

(c) 25 feet from the point of the accident; and

(d) At the point of the accident.

**ANSWER:**


**INTERROGATORY NO. 6:** Please state all of your residences within the past ten years.

**ANSWER:**

**INTERROGATORY NO. 7:** Please describe in full detail the exact point on each vehicle where contact occurred.

**ANSWER:**

**INTERROGATORY NO. 8:** Please describe where all motor vehicles involved in the accident finally came to rest after the accident. To clarify, "describing" where the motor vehicles came to rest may include a statement indicating how far apart the vehicles were from each other as well as a description of how far each vehicle was from the original point of impact.

**ANSWER:**

**INTERROGATORY NO. 9:** Please describe in detail everything that you did, in the order in which it was done, in an attempt to avoid the accident or in any way whatsoever to prevent the accident. To clarify, this interrogatory is seeking your complete and total version of any and all acts taken by you to avoid the collision described in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 10:** If there were any tire marks, any other marks, or any debris on the road as a result of the accident, describe said marks or debris in detail, giving length and location on the road surface, and identify which motor vehicle caused each mark or debris.

**ANSWER:**

**INTERROGATORY NO. 11:** Please state where you were coming from and where you were going at the time of the accident, giving in your answer the place where you last entered the vehicle, and the place where you next intended to disembark from it.

**ANSWER:**

**INTERROGATORY NO. 12:** Please state everything the driver of the vehicle with which you collided did or failed to do which caused or in any way contributed to the accident. To clarify, this interrogatory is seeking your complete and total version of any and all acts or actions which the Plaintiff took, or failed to take, which in any way had any bearing whatsoever on the accident.

**ANSWER:**

**INTERROGATORY NO. 13:** If there were any obstructions to your view at or near the scene of the accident, please describe each such obstruction in detail, giving its location and relation to the accident. To clarify, this interrogatory is also seeking a detailed explanation of exactly how the obstruction contributed to the accident.

**ANSWER:**

**INTERROGATORY NO. 14:** If you had any conversation with a driver, passenger, or owner of any other vehicle involved in the accident or any witnesses to the accident at the time of, or shortly after the accident, please identify the individual and give the substance of any such conversation.

**ANSWER:**

**INTERROGATORY NO. 15:** Please identify all persons known or reasonably thought by you, your agents, or their representatives, to have been a witness to, or to have knowledge of, the occurrence described in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 16:** Did you have any alcohol or drugs in the twenty-four (24) hours preceding the accident? If so, please state the type of drugs and/or alcohol that you consumed, the quantity, and the exact time period (as close as you can recall) when each such drug or alcoholic beverage was consumed.

**ANSWER:**

**INTERROGATORY NO. 17:** Please state the date the vehicle was purchased by the current owner and identify and describe the complete maintenance and repair history of the vehicle in which you were driving, riding as a passenger, or owned. To clarify, this interrogatory is seeking a complete description of all mechanical evaluations or work conducted on said vehicle. However, routine fluid changes do not need to be listed.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify each and every policy of liability insurance which was in effect at the time of the accident covering you, the vehicle driven by you, any vehicle owned by any member of your household, any homeowners policy at the place where you reside, and any umbrella policy or any other insurance which was in effect at the time of the accident. To clarify, "identify" includes providing the following information:

(a) Name and address of the insurance company;

(b) Policy number; and,

(c) Limits of liability coverage.

**ANSWER:**

**INTERROGATORY NO. 19:** Please identify and describe any and all medical treatment that you received subsequent to the above described Accident THAT RESULTED FROM the above described accident. To clarify, this interrogatory is seeking the names of each healthcare provider, a complete list of dates in which you sought treatment with each healthcare provider, a detailed description of why you sought medical care with each healthcare provider, and the diagnosis and prognosis given by each healthcare provider. This Interrogatory IS NOT seeking any information regarding medical care which is UNRELATED to the above described accident.

**ANSWER:**

**INTERROGATORY NO. 20:** Give the names, addresses and telephone numbers of each expert witness, including but not limited to, medical experts with whom you have either conferred or intend to use at trial, and with regard to each such expert you may call to testify or whose deposition you may use at trial, state:

(a) The person's identity, giving name, profession or occupation and complete residence and business address, including number, street, city, state and zip code;

(b) The subject matter on which the person is expected to testify;

(c) The substance of the fact and opinions to which the person is expected to testify;

(d) The specific date and grounds on which the person bases his opinion; and

(e) The manner in which such person became familiar with the facts of the case.

**ANSWER:**

**INTERROGATORY NO. 21:** Please identify each occupation and employer within the past ten (10) year and the reason for termination if you were ever terminated from such employment.

**ANSWER:**

**INTERROGATORY NO. 22:** Please identify dates, places and court file numbers of any civil or criminal actions, including divorces, which have been brought either on your behalf or against you other than this claim.

**ANSWER:**

**INTERROGATORY NO. 23:** Do you claim any mechanical condition of the vehicle you were operating or the vehicle you were occupying at the time of the accident caused or contributed to the accident. If so, please describe in detail.

**ANSWER:**

**INTERROGATORY NO. 24:** Please identify whether the vehicle you were operating or the vehicle you were occupying at the time of the accident was repaired or was a total loss and identify the name and location of the repair center and the amount of the bill.

**ANSWER:**

**INTERROGATORY NO. 25:** Please identify all states which have ever issued you a license to operate a motor vehicle and indicate if said license has ever been revoked or suspended for any reason.

**ANSWER:**

**INTERROGATORY NO. 26:** Please identify whether you have any video, photographs or surveillance of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 27:** Were you working for any employer or carrying out any business at the time of the accident. If so, state the name and address of the employer and whether you were acting within the course and scope of your employment at the time of the accident.

**ANSWER:**

**INTERROGATORY NO. 28:** Were you cited for violating any statute or ordinance as a result of the accident herein.

**ANSWER:**

**INTERROGATORY NO. 29:** If you asserted any affirmative defenses in your Answer to the Complaint, please list each and every fact upon which you rely in asserting each affirmative defense.

**ANSWER:**

Respectfully submitted,

*/s/ Doug Mory*
Doug Mory
Whaley & Mory
150 South Third Street
Louisville, Kentucky 40202
(502) 295-2633
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served upon the Defendant with a copy of the Complaint.

*/s/ J. Douglas Mory*
J. Douglas Mory

NO.                                                              JEFFERSON CIRCUIT COURT

                                                                 DIVISION _____

JACQUELINE BACHELOR                                              PLAINTIFF

VS.                    **DOCUMENT REQUEST PROPOUNDED**
                              **TO MATTHEW CARROLL**

MATTHEW CARROLL                                                  DEFENDANT

\* \* \* \* \* \* \* \*

Pursuant to Rule 34.01 of the Kentucky Rules of Civil Procedure, the Plaintiff, through counsel, requests the Defendant to produce the following at the offices of the attorney for the Plaintiff, Whaley & Mory, The Wolf Building, 150 South Third Street, Louisville, Kentucky 40202, within forty-five (45) days of the date of this request:

**REQUEST NO. 1:** In the interrogatories, the Defendant was asked as follows:

> Identify each and every policy of liability insurance which was in effect at the time of the accident covering you, the vehicle driven by you, any vehicle owned by any member of your household, any homeowners policy at the place where you reside, and any umbrella policy or any other insurance which was in effect at the time of the accident. To clarify, "identify" includes providing the following information:

I.                                    Name and address of the insurance company;
II.                                   Policy number; and,
III.                                  Limits of liability coverage.

Please produce a full and complete copy of each document identified in response to this interrogatory.

**RESPONSE:**

**REQUEST NO. 2:** In the interrogatories, the Defendant was asked as follows:

    Please state the date the vehicle was purchased by the current owner and identify and describe the complete maintenance and repair history of the vehicle in which you were driving, riding as a passenger, or owned. To clarify, this Interrogatory is seeking a complete description of all mechanical evaluations or work conducted on said vehicle. However, routine fluid changes do not need to be listed.

Please produce a full and complete copy of each document identified in response to this Interrogatory.

**RESPONSE:**

**REQUEST NO. 3:** Please produce a copy of your complete driving record.

**RESPONSE:**

**REQUEST NO. 4:** Please produce all documentation regarding the damage to the vehicle which you were operating or riding as a passenger. To clarify, this request for production of documents is seeking all repair estimates, repair bills, all documents regarding the repair of the vehicle, and all photographs of the vehicle.

**RESPONSE:**

**REQUEST NO. 5:** Please produce the CV of any expert witnesses which you intend to call at the trial of this matter as well as a written statement outlining the conclusions and opinions which the expert is expected to provide at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 6:** Please produce a copy (both front and back) of the insurance card which verifies proof of insurance on the vehicle which you were operating or riding in as a passenger.

**RESPONSE:**

**REQUEST NO. 7:** Please produce a copy (both front and back) of your operator's license.

**RESPONSE:**

Respectfully submitted,

J. Douglas Mory
Whaley & Mory
150 South Third Street
Louisville, Kentucky 40202
(502) 295-2633
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served upon the Defendant with a copy of the Complaint.

_____
Doug Mory